Timothy P. Remick, State Bar #173786
REMICK WEST-WATT, PLC
2601 N. Campbell Avenue, Suite #101
Tucson, Arizona 85719-3164
520-795-7300/Fax 520-795-0515
courts@rwwplc.com
Attorneys for Plaintiffs Jon and Patricia Sharp

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| JON SHARP, et. al., <br> Plaintiffs, <br> vs. <br><br> ERNEST DEAN SOEST, et. al., <br> Defendants. <br><br> CARGO AIRCRAFT MANAGEMENT, INC., <br> Cross-Complainant, <br> v. <br><br> ERNEST DEAN SOEST, et. al., <br> Cross-Defendants. | Case No. 1:15-cv-01162---JLT <br><br> JOINT SCHEDULING REPORT <br><br> **[TELEPHONIC]** <br> Scheduling Conference <br> Date: November 10, 2015 <br> Time: 8:30 AM Pacific Time <br><br> JENNIFER L. THURSTON <br> U.S. MAGISTRATE JUDGE <br> Bakersfield, CA |

Plaintiffs, JON SHARP and PATRICIA SHARP, and Defendants, CARGO AIRCRAFT MANAGEMENT, INC., AIRBORNE GLOBAL SOLUTIONS, INC. and AIR TRANSPORT SERVICES GROUP, INC., by and through their respective undersigned trial counsel, hereby confirm that they have conferred pursuant to the Order of this Court and Rule 16, Fed. R. Civ. P., and that said counsel hereby submit this Joint Scheduling Report as ordered by the Court:

**1. Summary of the factual and legal contentions set forth in the pleadings of each party, including the relief sought by any party presently before the Court.**

1

## 2. Amendments intended by either party.

The parties have conferred concerning the possibility of amending the Pleadings to reflect the dismissal Airborne Global Solutions, Inc., and Air Transport Services Group, Inc., and to remove claims for damages previously recovered through other means. The parties anticipate filing such amendment to the Pleadings through stipulation as soon as the parties can confirm certain items through their respective clients.

## 3. Summary of uncontested and contested facts.

In summary, it is uncontested that Cargo Aircraft Management, Inc.'s was the owner of the aircraft bearing registration number N606AL, alleged to have caused the damage to the Plaintiffs' hangar at the time of the damage. It is alleged by the Plaintiffs that Defendant Ernest Dean Soest aka Dean Soest was engaged in moving the aforementioned aircraft at the time damage occurred to the Plaintiffs' hangar located on the premises of the Mojave Air and Space Port in Kern County, California. It is uncontested that the aforementioned aircraft collided with a section of the Plaintiffs' hangar. It is alleged by Plaintiffs that at the time of the damage occurring to the Plaintiffs' hangar, Dean Soest was authorized by Cargo Aircraft Management, Inc., to maintain its aircraft bearing registration number N606AL. It is uncontested by the parties that Plaintiffs cannot recover damages that have already been received by Plaintiffs through insurance coverage and that their claim herein is limited to those amounts in excess of their insurance coverage.

Contested facts are briefly summarized as follows: whether the Defendants, Cargo Aircraft Management, Inc.; Airborne Global Solutions, Inc.; and Air Transport Services Group, Inc., are liable for damages caused by the aircraft damaging the Plaintiffs' hangar; whether said Defendants are liable for the actions of Defendant Ernest Dean Soest; whether said Defendants' were negligent in their conduct concerning the moving of the aircraft or the authorization of Soest and/or others to move the aircraft; whether any negligence on the part of said Defendants was the proximate cause of the Plaintiffs' damages; whether Plaintiffs have failed to mitigate their damages; whether some of Plaintiffs' damages are speculative in nature so as to bar recovery; whether the damage to Plaintiffs was the result of intervening and superseding causes no proximately caused by said Defendants; whether the damages claimed by the Plaintiffs are actual and reasonable; and whether Plaintiffs were

comparatively negligent warranting reduction, abatement or elimination of any of their claims. The appearing Defendants also have stated cross-claims against Ernest Dean Soest, who has yet to appear herein.

4. **Summary of the legal issues as to which there is no dispute and summary of disputed legal issues.**

It is undisputed that jurisdiction and venue are proper in this Court and that California law applies to the claims alleged by the Plaintiffs.

Disputed legal issues are liability, amount and reasonableness of damages, causation, failure to mitigate, whether duties of the Defendants were delegable, comparative fault, whether Defendants were negligent per se due to failures to follow applicable regulations, whether Defendants are legally responsible for the alleged damage, and whether the Defendants are liable to Plaintiffs for trespass.

5. **Status of all matters present set before the Court:** Other than the scheduling conference, no matters are currently set before the Court.

6. **Complete Discovery Plan:**

   a. **Date for exchange of initial disclosures required by Fed. R. Civ. P. 26(a)(1):** November 24, 2015.

   b. **Firm cut-off date for non-expert discovery:** March 2, 2016.

   c. **Firm date for disclosure of expert witnesses as required by Fed. R. Civ. P. 26(a)(2):** May 18, 2016.

   d. **Firm cut-off date for expert witness discovery:** July 14, 2016.

   e. **Proposed changes in limits on discovery imposed by Fed. R. Civ. P. 26(b); 30(a)(2)(A), (B) or (C); 30(d); or 33(a):** None.

   f. **The Parties do not anticipate at this time the need for any protective order relating to the discovery of information relating to a trade secret or other confidential research, development, or commercial information at this time but will cooperate with each other in the event any information requested in the litigation needs special protection by agreement to appropriate non-disclosure designations and agreements regarding any such information.**

g. No issues or proposals relating to the timing, sequencing, phasing or scheduling of discovery are known or anticipated in this matter.

h. At this time, the parties do not anticipate the need to take discovery outside the United States in connection with this proceeding, however, the parties have not identified all fact witnesses pertinent to the claims and there may be a witness who currently resides outside the United States.

i. The parties anticipate that video and sound recordings of depositions will be appropriate in this matter due to the location of witnesses.

j. Proposed date for Mid-Discovery Status Report and Conference: March 29, 2016.

7. **Discovery relating to Electronic, Digital and/or Magnetic data.**

Counsel for the appearing parties do not anticipate issues relating to the discovery of Electronic, Digital and/or Magnetic data. Counsel agree to the following terms concerning such data:

a. The parties holding computer based information relevant to the claims and defenses made herein shall take reasonable steps to insure that such information is stored in a manner that will preserve the information and will back up such information so that loss or failure of items of computer hardware will not likely destroy such information.

b. The parties shall preserve any e-mails that contain information relevant to any claims or defenses herein and/or those e-mails between any parties to this action and their representatives and shall produce upon appropriate discovery request such e-mails in pdf format. Any e-mail message containing privileged communications that are inadvertently disclosed shall immediately be called to the attention of opposing counsel and shall be deleted upon request. No such inadvertent disclosure shall be considered a waiver of privilege and no privileged item inadvertently disclosed shall be used by the party receiving it inadvertently against the other party.

c. Counsel for the appearing parties are not aware of any information that may require restoration. In the event that information is discovered to have been deleted after notice being provided to any party of the claims made herein, the party that held such

information prior to deletion shall bear the reasonable cost of restoration of such information and the other party may engage such experts, at their own expense, as are deemed necessary and appropriate to oversee the process of restoration attempted by the party attempting to restore the information.

    d. To the extent the parties do not already maintain systems to back up electronic data and emails that would include communications and other data relevant to the claims or defenses made by the parties herein counsel shall direct their clients to back up the computer systems containing any electronic communications and/or other data relating to any claims or defenses of the parties and the parties shall each bear their own costs of backing up such data and information.

**8. Dates agreed upon by counsel:**

    **a. Deadlines for filing of non-dispositive and dispositive pre-trial motions (except motions in *limine* or other trial motions):** May 25, 2016 for non-dispositive motions and July 25, 2016 for dispositive motions.

    **b. Pre-Trial Conference Date:** November 22, 2016.

    **c. Trial Date:** February 2017.

9. **Counsel have conferred regarding settlement possibilities and believe that settlement is possible and a settlement conference is desirable. The parties anticipate that Mediation or a Settlement Conference with a settlement judge would be appropriate sometime in March 2016.**

10. Jury trial is not requested in this matter.

11. Counsel for the parties estimate trial for this matter will take three (3) days.

12. **Plaintiffs have filed their consent to the jurisdiction of a U.S. Magistrate Judge. Defendants are still considering whether they will consent to such jurisdiction.**

13. **No bifurcation or phasing of trial or other suggestions for shortening or expediting discovery, pre-trial motions or trial are suggested by undersigned counsel.**

14. **This matter is not related to any other matter pending in this court or any other court, including bankruptcy court, to the knowledge of undersigned counsel at this time.**

RESPECTFULLY SUBMITTED this 3rd day of November 2015.

| | |
|---|---|
| REMICK WEST-WATT, PLC | Clyde & Co US LLP |
| /S/ Timothy P. Remick | /s/ Deborah Elsasser |
| By: Timothy P. Remick | By: Deborah Elsasser |
| Attorney for Plaintiffs | Attorney for Defendants, Cargo Aircraft Management, Inc.; Airborne Global Solutions, Inc.; and Air Transport Services Group, Inc. |

Electronically served on all persons receiving service through ECF on November 3, 2015.

/s/ Timothy P. Remick