UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SHARP, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ERNEST DEAN SOEST, et al.,<br><br>　　　　Defendants.<br><br>AND RELATED ACTIONS | Case No.: 1:15-cv-1162-JLT<br><br>ORDER TO DEFENDANT ERNEST SOEST TO SHOW CAUSE WHY THE CROSS-CLAIMS SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDER |

At a conference with the parties on May 20, 2016, the Court was informed that Defendant Earnest Soest intended to dismiss the cross-complaint against Bravo Air Cargo. Accordingly, the Court ordered Defendant Ernest Soest to "file his notice of voluntary dismissal (or stipulation to dismiss) under Fed.R.Civ.P. 41(a), as to cross-defendant Bravo Air Cargo no later than **June 3, 2016**." (Doc. 64 at 1, emphasis in original) To date, Mr. Soest has not complied.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss claims with prejudice, based on a party's failure to prosecute an

1

action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal of a complaint for failure to prosecute and comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Ernest Dean Soest is **ORDERED** to show cause within 14 why the claims against Bravo Air Cargo should not be dismissed for failure to comply with the Court's order or, in the alternative, to file a notice of voluntary dismissal or stipulation to dismiss under Rule 41 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:   **June 8, 2016**            **/s/ Jennifer L. Thurston**
                                    UNITED STATES MAGISTRATE JUDGE